H. H. ("Shashi") Kewalramani (State Bar No. 262290)
shashi@ljpklaw.com
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
440 W. 1st Street, Suite 205
Tustin, California 92780
Telephone: (714) 252-6611
Facsimile: (714) 602-4690

Attorneys for Plaintiff,
**O.S. SECURITY LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| O.S. SECURITY LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST ALERT, INC., BRK BRANDS, INC. and JARDEN CORPORATION,<br><br>        Defendants. | **CASE NO.  SACV 14-00310**<br><br>**ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,977,576; 7,019,615 and 7,295,100**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

This is an action for patent infringement in which Plaintiff, O.S. Security LLC ("OSS" or "Plaintiff"), complains against Defendants, First Alert, Inc., BRK Brands, Inc. and Jarden Corporation (collectively "Defendants"), as follows:

**THE PARTIES**

1.      Plaintiff, O.S. Security LLC, is a Texas limited liability company, having an address in Plano, Texas 75093.

2.      On information and belief, Defendant First Alert, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 3901 Liberty Street Road, Aurora, Illinois 60504.  Defendant BRK Brands, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 3901 Liberty Street Road, Aurora, Illinois 60504.  Defendant Jarden Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business at 555 Theodore Fremd Avenue, Rye, New York 10580. Defendants First Alert, Inc., BRK Brands, Inc. and Jarden Corporation may be served with process by serving their registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. According to its website, www.firstalert.com, that sells First Alert products, the copyright on the website is owned by BRK Brands, Inc. and in the legal section of the website, www.firstalert.com/legal-privacy, the website is "an electronic marketplace for products distributed by BRK Brands, Inc."  Additionally, Jarden Corporation's websitehttp://www.jarden.com/brands/branded-consumables, identifies both BRK and First Alert amongst its branded consumable companies, the icon for both of which, when clicked, direct to the www.firstalert.com website.

## JURISDICTION AND VENUE

3.    This action arises under the patent laws of the United States, Title 35 of the United States Code.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendants because they have purposely availed themselves of the privileges and benefits of the laws of California. Additionally, this Court has personal jurisdiction over the Defendants because each of the Defendants has committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.   Each of the Defendants has sold, advertised, solicited customers, marketed and/or distributed the infringing products in this judicial district and has designed, made, or had made, on their behalf, and placed the infringing products into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products were located within this judicial district.   First Alert's Model 2092D Safe was purchased at Fry's Electronics store in Fountain Valley, California, within Orange County, California in 2013, and as of February 18, 2014, was available for sale at Fry's Electronics store in Anaheim, California and Fountain Valley, California.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**JOINDER**

6.      Joinder is proper under 35 U.S.C. § 299.  The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, of the same accused devices employing electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

7.      Common questions of fact relating to Defendants' infringement will arise in this action.

**INFRINGEMENT OF U.S. PATENT NO. 6,977,576**

8.      Plaintiff, OSS, is the owner by assignment of United States Patent No. 6,977,576 ("the `576 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the `576 patent.  A true and correct copy of the `576 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 20, 2005, is attached hereto as Exhibit A.

9.     The Defendants have been and are directly infringing the `576 patent in this judicial district, and elsewhere in the United States.   Defendants' direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.   The Defendants are thus liable for infringement of the `576 patent pursuant to 35 U.S.C. § 271(a).

10.    Defendants, at a minimum, have knowledge of the '576 patent through the filing and service of this Complaint, and upon information and belief have continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

11.    With knowledge of the `576 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively inducing infringement of the `576 patent.   Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendants

know infringe one or more claims of the `576 patent.  The Defendants are thus liable for infringement of the `576 patent pursuant to 35 U.S.C. § 271(b).

12.     With knowledge of the `576 Patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the `576 patent. Defendants' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the `576 patent, knowing the First Alert's 2092DF Safe to be especially made or especially adapted for use in an infringement of the `576 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use.   The Defendants are thus liable for infringement of the `576 patent pursuant to 35 U.S.C. § 271(c).

13.     Defendants have profited through the infringement of the `576 patent. As a result of Defendants' unlawful infringement of the `576 patent, Plaintiff has suffered and will continue to suffer damage.  Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

14.     To the extent that facts learned in discovery show that any one of the Defendants' infringements of the `576 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

## INFRINGEMENT OF U.S. PATENT NO. 7,019,615

15.     Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,019,615 ("the `615 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the `615 patent.  A true and correct copy of the `615 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 28, 2006, is attached hereto as Exhibit B.

16.     The Defendants have been and are directly infringing the `615 patent in this judicial district, and elsewhere in the United States.  Defendants' direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.  The Defendants are thus liable for infringement of the `615 patent pursuant to 35 U.S.C. § 271(a).

17.     Defendants, at a minimum, have knowledge of the '615 patent through the filing and service of this Complaint, and upon information and belief have

continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

18.    With knowledge of the `615 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively inducing infringement of the `615 patent.  Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendants know infringe one or more claims of the `615 patent.  The Defendants are thus liable for infringement of the `615 patent pursuant to 35 U.S.C. § 271(b).

19.    With knowledge of the `615 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the `615 patent. Defendants' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the `615 patent, knowing the First Alert's 2092DF Safe to be especially made or especially adapted for use in an

infringement of the `615 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Each of the Defendants is thus liable for infringement of the `615 patent pursuant to 35 U.S.C. § 271(c).

20.     Defendants have profited through the infringement of the `615 patent. As a result of Defendants' unlawful infringement of the `615 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

21.     To the extent that facts learned in discovery show that any one of the Defendants' infringements of the `615 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

### INFRINGEMENT OF U.S. PATENT NO. 7,295,100

22.     Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,295,100 ("the `100 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the `100 patent. A true and correct copy of the `100 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 13, 2007, is attached hereto as Exhibit C.

23.     The Defendants have been and are directly infringing the `100 patent in this judicial district, and elsewhere in the United States. Defendants' direct

infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe. The Defendants are thus liable for infringement of the `100 patent pursuant to 35 U.S.C. § 271(a).

24.     Defendants, at a minimum, have knowledge of the '100 patent through the filing and service of this Complaint, and upon information and belief have continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

25.     With knowledge of the `100 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively inducing infringement of the `100 patent. Defendants' inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendants' business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendants know infringe one or more claims of the `100 patent. The Defendants are thus liable for infringement of the `100 patent pursuant to 35 U.S.C. § 271(b).

26.     With knowledge of the `100 patent at least as early as the service of this Complaint, the Defendants have been and are, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the `100 patent. Defendants' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the `100 patent, knowing the First Alert's 2092DF Safe to be especially made or especially adapted for use in an infringement of the `100 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use.   The Defendants are thus liable for infringement of the `100 patent pursuant to 35 U.S.C. § 271(c).

27.     Defendants have profited through the infringement of the `100 patent. As a result of Defendants' unlawful infringement of the `100 patent, Plaintiff has suffered and will continue to suffer damage.   Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

28.     To the extent that facts learned in discovery show that any one of the Defendants' infringements of the `100 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and seeks the following relief:

(a)  For judgment in favor of Plaintiff that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '576 patent, '615 patent and '100 patent;

(b)  For judgment and an order requiring Defendants to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '576 patent, '615 patent and '100 patent, as provided under 35 U.S.C. § 284;

(c)  For judgment and an order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Plaintiff's reasonable attorneys' fees; and

(d)  For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated:   March 3, 2014

Respectfully submitted,

LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.

/s/
H. H. ("Shashi") Kewalramani

Attorneys for Plaintiff
O.S. SECURITY LLC

– 12 –