Valerie W. Ho (SBN 200505)
HoV@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  310-586-7700
Facsimile:   310-586-7800

Kevin J. O'Shea (admitted *pro hac vice*)
osheak@gtlaw.com
Matthew J. Levinstein (admitted *pro hac vice*)
levinsteinm@gtlaw.com
GREENBERG TRAURIG, LLP
77 W. Wacker Drive
Chicago, IL 60601

Attorneys for Defendant BRK Brands, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| O.S. SECURITY LLC,<br><br>             Plaintiff,<br><br>     vs.<br><br>BRK BRANDS, INC.,<br><br>             Defendant. | CASE NO. SACV-14-00310-AG-DFM<br><br>BRK BRANDS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT<br><br>Date Filed: May 9, 2014<br>Judge:      Hon. Andrew J. Guilford |

Defendant BRK Brands, Inc. ("BRK"), by its attorneys of record, for its answer to the Complaint, affirmative defenses, and counterclaims states as follows:

## THE PARTIES

1. Plaintiff, O.S. Security LLC, is a Texas limited liability company, having an address in Plano, Texas 75093.

**ANSWER:** BRK is without information sufficient to admit or deny the allegations of this Paragraph and, accordingly, denies same.

2. Defendant BRK Brands, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 3901 Liberty Street Road, Aurora, Illinois 60504. Defendant BRK Brands, Inc. may be served with process by serving their registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. According to its website, www.firstalert.com, that sells First Alert products, the copyright on the website is owned by BRK Brands, Inc. and in the legal section of the website, www.firstalert.com/legal-privacy, states that the website is "an electronic marketplace for products distributed by BRK Brands, Inc." Additionally, Jarden Corporation's website http://www.jarden.com/brands/branded-consumables, identifies both BRK and First Alert amongst its branded consumable companies, the icon for both of which, when clicked, direct to the www.firstalert.com website.

**ANSWER:** BRK admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 3901 Liberty Street Road, Aurora, Illinois 60504. BRK further admits that it may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. BRK admits that the copyright on the www.firstalert.com website is owned by BRK and that the legal section of the website, www.firstalert.com/legal-privacy states that the website is "an electronic marketplace for products distributed by BRK Brands, Inc." BRK also admits that Jarden Corporation's ("Jarden") website, www.jarden.com/brands/branded-consumables, identifies BRK amongst Jarden's branded consumable companies and that clicking the BRK icon directs users to the www.firstalert.com website. BRK denies all remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, BRK admits that Plaintiff's Complaint purports to state a cause of action arising under the Patent Laws of the United States, Title 35 of the United States code, but denies that any such claim is meritorious. BRK admits that this Court has subject matter jurisdiction over Plaintiff's claims against BRK pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has purposely availed itself of the privileges and benefits of the laws of California. Additionally, this Court has personal jurisdiction over Defendant because it has committed, aided, abetted, contributed to, and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has sold, advertised, solicited customers, marketed and/or distributed the infringing products in this judicial district and has designed, made, or had made, on their behalf, and placed the infringing products into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products were located within this judicial district. First Alert's Model 2092D Safe was purchased at Fry's Electronics store in Fountain Valley, California, within Orange County, California in 2013, and as of February 18, 2014, was available for sale at Fry's Electronics store in Anaheim, California and Fountain Valley, California.

**ANSWER:** To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. BRK denies that it has "sold, advertised, solicited customers [regarding], marketed and/or distributed" any products that infringe U.S. Patent Nos. 6,977,576, 7,019,615, and/or 7,295,100. BRK denies that it has "designed, made, or had made, on their behalf, and placed" into the stream of commerce any products that infringe U.S. Patent Nos. 6,977,576, 7,019,615, and/or

2

7,295,100. BRK is without information sufficient to admit or deny whether "First Alert's Model 2092D Safe was purchased at Fry's Electronics store in Fountain Valley, California, within Orange County, California in 2013, and as of February 18, 2014, was available for sale at Fry's Electronics store in Anaheim, California and Fountain Valley, California" and, accordingly, denies same. Nonetheless, BRK admits that this Court has personal jurisdiction over it for purposes of this matter. BRK denies the remaining allegations of this Paragraph.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** BRK denies that it has committed patent infringement in this judicial district, as required for venue to be proper pursuant to 28 U.S.C. § 1400(b) and, accordingly, denies that venue is proper pursuant to that statute. BRK admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### INFRINGEMENT OF U.S. PATENT NO. 6,977,576

6. Plaintiff, OSS, is the owner by assignment of United States Patent No. 6,977,576 ("the '576 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the '576 patent. A true and correct copy of the '576 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 20, 2005, is attached hereto as Exhibit A.

**ANSWER:** BRK admits that U.S. Patent No. 6,977,576 ("the '576 patent") is entitled "Electronic Access Control Device." BRK further admits that Exhibit A of Plaintiff's Complaint is a copy of the '576 patent and that the '576 patent states on its face that it was issued on December 20, 2005. BRK denies that the '576 patent was duly and legally issued. BRK is without information sufficient to admit or deny whether Plaintiff is the owner by assignment of the '576 patent and, accordingly, denies same. BRK denies the remaining allegations of this Paragraph.

7. The Defendant has been and is directly infringing the '576 patent in this judicial district, and elsewhere in the United States. Defendant's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United

States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe. The Defendant is thus liable for infringement of the '576 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BRK denies the allegations of this Paragraph.

8. Defendant, at a minimum, has knowledge of the '576 patent through the filing and service of the Original Complaint, and upon information and belief has continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

**ANSWER:** BRK admits that it has knowledge of the '576 patent only as a result of the service of the Original Complaint. BRK also admits that it imports, offers for sale, and sells the 2092 DF Safe, but denies that such actions directly or indirectly infringe the '576 patent. BRK denies the remaining allegations of this Paragraph.

9. With knowledge of the '576 patent at least as early as the service of the Original Complaint, the Defendant has been and is, in this judicial district and elsewhere in the United States, actively inducing infringement of the '576 patent. Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendant's business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendant knows infringe one or more claims of the '576 patent. Defendant is thus liable for infringement of the '576 patent pursuant to 35 U.S.C. § 271(b).

**ANSWER:** BRK admits that it has knowledge of the '576 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

10. With knowledge of the '576 Patent at least as early as the service of the Original Complaint, Defendant has been and is, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the '576 patent. Defendant's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the '576 patent, knowing the First Alert's

2092DF Safe to be especially made or especially adapted for use in an infringement of the '576 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant is thus liable for infringement of the '576 patent pursuant to 35 U.S.C. § 271(c).

**ANSWER:** BRK admits that it has knowledge of the '576 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

11. Defendant has profited through the infringement of the '576 patent. As a result of Defendant's unlawful infringement of the '576 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendant damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER:** BRK denies that it has infringed, and/or has profited from any infringement of, the '576 patent. BRK denies that it has caused Plaintiff to suffer any damages and/or that Plaintiff is entitled to recover anything from BRK. BRK denies the remaining allegations of this Paragraph.

12. To the extent that facts learned in discovery show that any one of Defendant's infringements of the '576 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**ANSWER:** BRK believes that no response to this Paragraph is required. To the extent a response is deemed to be required, BRK denies that it has infringed, much less willfully infringed, the '576 patent.

## INFRINGEMENT OF U.S. PATENT NO. 7,019,615

13. Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,019,615 ("the '615 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the '615 patent. A true and correct copy of the '615 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on March 28, 2006, is attached hereto as Exhibit B.

**ANSWER:** BRK admits that U.S. Patent No. 7,019,615 ("the '615 patent") is entitled "Electronic Access Control Device." BRK further admits that Exhibit B of

5

Plaintiff's Complaint is a copy of the '615 patent and that the '615 patent states on its face that it was issued on March 28, 2006. BRK denies that the '615 patent was duly and legally issued. BRK is without information sufficient to admit or deny whether Plaintiff is the owner by assignment of the '615 patent and, accordingly, denies same. BRK denies the remaining allegations of this Paragraph.

14. Defendant has been and is directly infringing the '615 patent in this judicial district, and elsewhere in the United States. Defendant's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe. Defendant is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BRK denies the allegations of this Paragraph.

15. Defendant, at a minimum, has knowledge of the '615 patent through the filing and service of the Original Complaint, and upon information and belief has continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

**ANSWER:** BRK admits that it has knowledge of the '615 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK also admits that it imports, offers for sale, and sells the 2092 DF Safe, but denies that such actions directly or indirectly infringe the '615 patent. BRK denies the remaining allegations of this Paragraph.

16. With knowledge of the '615 patent at least as early as the service of the Original Complaint, Defendant has been and is, in this judicial district and elsewhere in the United States, actively inducing infringement of the '615 patent. Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendant's business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendant knows infringe one or more claims of the '615 patent. Defendant is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271(b).

**ANSWER:** BRK admits that it has knowledge of the '615 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

17. With knowledge of the '615 patent at least as early as the service of the Original Complaint, Defendant has been and is, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the '615 patent. Defendant's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the '615 patent, knowing the First Alert's 2092DF Safe to be especially made or especially adapted for use in an infringement of the '615 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271(c).

**ANSWER:** BRK admits that it has knowledge of the '615 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

18. Defendant has profited through the infringement of the '615 patent. As a result of Defendant's unlawful infringement of the '615 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendant damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER:** BRK denies that it has infringed, and/or has profited from any infringement of, the '615 patent. BRK denies that it has caused Plaintiff to suffer any damages and/or that Plaintiff is entitled to recover anything from BRK. BRK denies the remaining allegations of this Paragraph.

19. To the extent that facts learned in discovery show that any one of Defendant's infringements of the '615 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**ANSWER:** BRK believes that no response to this Paragraph is required. To the extent a response is deemed to be required, BRK denies that it has infringed, much less willfully infringed, the '615 patent.

7

### INFRINGEMENT OF U.S. PATENT NO. 7,295,100

20. Plaintiff, OSS, is the owner by assignment of United States Patent No. 7,295,100 ("the '100 patent"), entitled "Electronic Access Control Device," and owns all rights to sue, and collect damages, including past damages, for infringement of the '100 patent. A true and correct copy of the '100 patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on November 13, 2007, is attached hereto as Exhibit C.

**ANSWER:** BRK admits that U.S. Patent No. 7,295,100 ("the '100 patent") is entitled "Electronic Access Control Device." BRK further admits that Exhibit C of Plaintiff's Complaint is a copy of the '100 patent and that the '100 patent states on its face that it issued on November 13, 2007. BRK denies that the '100 patent was duly and legally issued. BRK is without information sufficient to admit or deny whether Plaintiff is the owner by assignment of the '100 patent and, accordingly, denies same. BRK denies the remaining allegations of this Paragraph.

21. The Defendant has been and is directly infringing the '100 patent in this judicial district, and elsewhere in the United States. Defendant's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States electronic access control devices, including, but not limited to, First Alert's 2092DF Safe. Defendant is thus liable for infringement of the '100 patent pursuant to 35 U.S.C. § 271(a).

**ANSWER:** BRK denies the allegations of this Paragraph.

22. Defendant, at a minimum, has knowledge of the '100 patent through the filing and service of the Original Complaint, and upon information and belief has continued making, using, importing, offering for sale, and/or selling electronic access control devices, including, but not limited to, First Alert's 2092DF Safe.

**ANSWER:** BRK admits that it has knowledge of the '100 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK also admits that it imports, offers for sale, and sells the 2092 DF Safe, but denies that such actions directly or indirectly infringe the '100 patent. BRK denies the remaining allegations of this Paragraph.

8

23. With knowledge of the '100 patent at least as early as the service of the Original Complaint, Defendant has been and is, in this judicial district and elsewhere in the United States, actively inducing infringement of the '100 patent. Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others (including, but not limited to, Defendant's business partners, sales agents, and customers) to use, offer for sale, and/or sell within the United States, and/or import into the United States, electronic access control devices, including, but not limited to, First Alert's 2092DF Safe, which Defendant knows infringe one or more claims of the '100 patent. Defendant is thus liable for infringement of the '100 patent pursuant to 35 U.S.C. § 271(b).

**ANSWER:** BRK admits that it has knowledge of the '100 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

24. With knowledge of the '100 patent at least as early as the service of the Original Complaint, Defendant has been and is, in this judicial district and elsewhere in the United States, actively contributing to the infringement of the '100 patent. Defendant's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least First Alert's 2092DF Safe, which constitute a material part of the invention recited in one or more claims of the '100 patent, knowing the First Alert's 2092DF Safe to be especially made or especially adapted for use in an infringement of the '100 patent, and not staple articles or commodities of commerce suitable for substantial non-infringing use. Defendant is thus liable for infringement of the '100 patent pursuant to 35 U.S.C. § 271(c).

**ANSWER:** BRK admits that it has knowledge of the '100 patent only as a result of the service of the Original Complaint and the First Amended Complaint. BRK denies the remaining allegations of this Paragraph.

25. Defendant has profited through the infringement of the '100 patent. As a result of Defendant's unlawful infringement of the '100 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendant damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER:** BRK denies that it has infringed, and/or has profited from any infringement of, the '100 patent. BRK denies that it has caused Plaintiff to suffer any

9

damages and/or that Plaintiff is entitled to recover anything from BRK. BRK denies the remaining allegations of this Paragraph.

26. To the extent that facts learned in discovery show that any one of Defendant's infringements of the '100 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

**ANSWER:** BRK believes that no response to this Paragraph is required. To the extent a response is deemed to be required, BRK denies that it has infringed, much less willfully infringed, the '100 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks the following relief:

(a) For judgment in favor of Plaintiff that Defendant has directly infringed, induced others to infringe, and/or contributed to others' infringement of the '576 patent, '615 patent and '100 patent;

(b) For judgment and an order requiring Defendant to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendant's infringement of the '576 patent, '615 patent and '100 patent, as provided under 35 U.S.C. § 284;

(c) For judgment and an order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendant to pay Plaintiff's reasonable attorneys' fees; and

(d) For such other and further relief as the Court may deem just and proper.

**ANSWER:** BRK denies that Plaintiff is entitled to any relief from BRK, much less the relief set forth above. BRK specifically denies the allegations in sub-paragraphs (a)–(d) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. BRK does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of the '576, '615, and/or '100 patents.

2. The claims of the '576, 615, and '100 patents are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

# COUNTERCLAIMS FOR DECLARATORY JUDGMENT

For its Counterclaims against Plaintiff, BRK alleges as follows:

## THE PARTIES

1. Counterclaim Plaintiff BRK is a corporation organized under the laws of the State of Delaware with its principal place of business at 3901 Liberty Street Road, Aurora, Illinois 60504.

2. Upon information and belief, Plaintiff/Counterclaim Defendant O.S. Security LLC ("OSS") is a Texas limited liability company, having an address in Plano, Texas 75093.

## JURISDICTION

3. BRK's counterclaims are directed to invalidity and non-infringement of the '576, '615, and '100 patents. Accordingly, this Court has subject matter jurisdiction over BRK's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq*.

4. OSS alleges in the present lawsuit that it is the owner by assignment of the '576, '615, and '100 patents and has standing to sue for infringement of the '576, '615, and '100 patents.

5. OSS alleges in the present lawsuit that BRK infringes the '576, '615, and '100 patents.

6. Accordingly, a controversy between BRK and OSS exists that is ripe for resolution, in which the parties hereto have standing. Further, the controversy is and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNTERCLAIM NO. 1

### NON-INFRINGEMENT OF THE '576 PATENT

7. BRK realleges and incorporates by reference Paragraphs 1 through 6, above, as though fully set forth herein.

8. BRK does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '576 patent.

9. The Court should issue a declaration that BRK does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '576 patent, so that BRK may ascertain its rights relevant to the '576 patent.

## COUNTERCLAIM NO. 2
## NON-INFRINGEMENT OF THE '615 PATENT

10. BRK realleges and incorporates by reference Paragraphs 1 through 9, above, as though fully set forth herein.

11. BRK does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '615 patent.

12. The Court should issue a declaration that BRK does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '615 patent, so that BRK may ascertain its rights relevant to the '615 patent.

## COUNTERCLAIM NO. 3
## NON-INFRINGEMENT OF THE '100 PATENT

13. BRK realleges and incorporates by reference Paragraphs 1 through 12, above, as though fully set forth herein.

14. BRK does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '100 patent.

15. The Court should issue a declaration that BRK does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '100 patent, so that BRK may ascertain its rights relevant to the '100 patent.

## COUNTERCLAIM NO. 4
## INVALIDITY OF THE '576 PATENT

16. BRK realleges and incorporates by reference Paragraphs 1 through 15, above, as though fully set forth herein.

17. The claims of the '576 patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

18. The Court should issue a declaration that the claims of the '576 patent are invalid so that BRK may ascertain its rights relevant to the '576 patent.

## COUNTERCLAIM NO. 5
## INVALIDITY OF THE '615 PATENT

19. BRK realleges and incorporates by reference Paragraphs 1 through 18, above, as though fully set forth herein.

20. The claims of the '615 patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

21. The Court should issue a declaration that the claims of the '615 patent are invalid so that BRK may ascertain its rights relevant to the '615 patent.

## COUNTERCLAIM NO. 6
## INVALIDITY OF THE '100 PATENT

22. BRK realleges and incorporates by reference Paragraphs 1 through 21, above, as though fully set forth herein.

23. The claims of the '100 patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

24. The Court should issue a declaration that the claims of the '100 patent are invalid so that BRK may ascertain its rights relevant to the '100 patent.

## BRK'S PRAYER FOR RELIEF

WHEREFORE, BRK respectfully prays that the Court grant the following relief:

A. Entry of judgment in BRK's favor on each and every count of OSS's Complaint and BRK's Counterclaims;

B. Entry of an Order directing that BRK not liable to OSS for any damages;

C. Entry of a judicial declaration that BRK has not infringed and is not infringing, either directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise any claim of the '576, 615, and '100 patents;

     D.    Entry of a judicial declaration that the claims of the '576, 615, and '100 patents are invalid;

     E.    Entry of an Order that BRK is a prevailing party and that this is an exceptional case, and awarding BRK its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules or common law; and

     F.    Such other and further relief that the Court deems just and appropriate.

## JURY DEMAND

BRK requests a trial by jury on all issues so triable.

DATED: May 16, 2014           GREENBERG TRAURIG, LLP

By:    /s/ Kevin J. O'Shea
Valerie W. Ho
GREENBERG TRAURIG, LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
hov@gtlaw.com

Kevin J. O'Shea (admitted *pro hac vice*)
Matthew J. Levinstein (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive
Chicago, IL 60601
osheak@gtlaw.com
levinsteinm@gtlaw.com

*Attorneys for Defendant BRK Brands, Inc.*

14